UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARILYN GOODE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:23-cv-00880-HEA ) |
| CENTENNIAL ENERGY HOLDING (BELL ELECTRICAL) and MIAMI NATION OWNED ENTERPRISES d/b/a TSI Global, | ) ) ) ) ) ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER TO SHOW CAUSE**

This matter is before the Court on self-represented plaintiff Marilyn Goode's (1) application to proceed in the district court without prepaying fees and costs (ECF No. 9), (2) motion for change of venue (ECF No. 4); (3) motion for appointment of counsel (ECF No. 3); and (4) motion for issuance of subpoenas (ECF No. 7). For the following reasons, the Court will grant plaintiff's application to proceed without prepayment of fees and costs; deny plaintiff's motion for change of venue; and deny without prejudice plaintiff's motion for appointment of counsel and motion for issuance of subpoenas.

Additionally, upon review of plaintiff's complaint, the Court will order her to show cause why this action should not be dismissed for lack of subject matter jurisdiction.

**Order to Show Cause: Subject Matter Jurisdiction**

"In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Indus.*, 823 F.2d 214,

216 (8th Cir. 1987). Statutes conferring diversity jurisdiction are to be strictly construed. *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992).

On July 13, 2023, plaintiff filed a form Civil Complaint in this Court against her former employer, Centennial Energy Holding (Bell Electrical) and its insurer, Miami Nation Owned Enterprises d/b/a TSI Global. Her answers to the questions on the form complaint are incomplete as to subject matter jurisdiction, and therefore the Court will order her to show cause why this action should not be dismissed.

"Subject matter jurisdiction refers to the court's power to decide a certain class of cases." *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). Generally, the Court may establish its subject matter jurisdiction either through federal question jurisdiction or diversity jurisdiction. *See* 28 U.S.C. §§ 1331 and 1332. The Court's form Civil Complaint asks specific questions concerning both federal questions and diversity of parties so that the Court may make a determination as to whether it has subject matter jurisdiction.

As to federal question jurisdiction, plaintiff has not identified any federal statutes, treaties, or provisions of the Constitution that are at issue in her case. Under the question on the form complaint asking her to "list the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case," she writes "USC 1404," which is the federal statute regarding change of venue. *See* 28 U.S.C. § 1404. Under the question asking her to "List the federal officials or federal agencies involved, if any," plaintiff writes "Unsure." Based on this information, the Court does not have federal question jurisdiction over plaintiff's case. *See* 28 U.S.C. § 1331. Because the federal change of venue statute, § 1404, is not a federal statute at issue in this case and cannot confer federal question jurisdiction, and plaintiff has identified no other basis for federal question jurisdiction, the Court finds no federal question jurisdiction over this case.

As for diversity jurisdiction, plaintiff only includes information regarding the citizenship of defendant Miami Nation Owned Enterprises d/b/a TSI Global. She does not include any information regarding the citizenship of her former employer, Centennial Energy Holding (Bell Electrical).[1] Although she lists a Missouri address for this defendant, she has not alleged the citizenship of this defendant, *i.e.*, its state of incorporation and its principal place of business. Plaintiff must establish the citizenship of defendant Centennial Energy Holding (Bell Electric) for the diversity requirement to be met. *See* 28 U.S.C. §1332; *Eckerberg v. Inter-State Studio & Pub. Co.*, 860 F.3d 1079, 1084 (8th Cir. 2017).

Even assuming plaintiff can establish diversity of citizenship between her herself and defendant Centennial Energy Holding (Bell Electrical), she has not established that this case meets the $75,000 amount-in-controversy requirement of § 1332. As the proponent of this Court's jurisdiction, plaintiff has the burden of proving that the amount in controversy exceeds the jurisdictional minimum. *See Bell v. Hersey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). She claims in her Civil Complaint that her damages are "Lost wages, medical more [than] $75,000." However, in the portion of the form complaint entitled "Relief," which asks plaintiff to "state amounts claimed and the reasons you claim you are entitled to recover damages," plaintiff does not state any amount claimed for lost wages or any amount claimed for medical recovery. ECF No. 1 at 8. Nor has she alleged any information regarding her lost wages, *i.e.*, hourly wage, working hours, dates, etc. The only information the Court has regarding the amount plaintiff might claim for lost

---

[1] Additionally, for her statement of claim, plaintiff has not answered the questions regarding what happened, when it happened, where it happened, what injuries she suffered, and what defendants did to harm her. Instead she directs the Court to her "Attached medical records for medical injury. 2019 was year. I suffer PTSD. Also attached Clerk memo." Her attachments are documents from her Division of Workers' Compensation file from the Missouri Division of Workers' Compensation. She has not attached any medical records.

wages is found in a letter to Local 1 Union, titled "Payment Demand Letter." *See* ECF No. 1-1 at 3. In this letter, plaintiff demands her lost wages and medical leave, which she calculates to be $57,400. *Id.* Plaintiff has not established that her damages meet the amount-in-controversy requirement to establish this Court's diversity of jurisdiction.

Plaintiff's complaint does not arise under the Constitution, laws, or treaties of the United States, and plaintiff has not established diversity jurisdiction pursuant to 28 U.S.C. § 1332. As a result, plaintiff will be required to show cause, within twenty-one (21) days of the date of this Memorandum and Order to Show Cause, why this action should not be dismissed for lack of subject matter jurisdiction.

## Motion for Change of Venue

Along with her civil complaint, plaintiff has filed a Memorandum for Clerk, which "ask[s] the court to please accept this Motion for Change of Venue per 28 U.S.C. 1404." It is entirely unclear, but it seems that plaintiff is asking the Court to transfer her case pending with the Missouri Division of Workers' Compensation to this United States Federal Court. The federal venue statute allows federal courts to transfer federal cases to different federal venues. *See* 28 U.S.C. § 1404. It does not allow federal courts to transfer in cases filed in state courts. Nor does the venue statute confer federal subject matter jurisdiction over state court cases. *Id.* at § 1390(a) (defining "venue" as "the geographic specification of the proper court or courts for the litigation *of a civil action that is within the subject-matter jurisdiction of the district courts*") (emphasis added). The Court has no authority to change the venue of a case pending in the Missouri Division of Workers' Compensation to this Court. For this reason, the Court will deny plaintiff's motion to change venue.

## Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (ECF No. 3) The motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that she can adequately present her claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

**Motion for Issuance of Subpoenas**

Plaintiff has filed a motion to issue subpoenas to produce documents to Bell Electric, IBEW Local 1, and TSI Global. (ECF No. 7). Because the Court is not satisfied that it has subject matter jurisdiction over this workers' compensation matter, it has not conducted an initial review of the complaint under 28 U.S.C. § 1915(e), defendants have not been served process, defendants have not their appearance or answered the complaint, and the Court has not issued a Case Management Order. The Court will deny plaintiff's motion for issuance of subpoenas without prejudice as premature. Plaintiff may refile her motion after the Court has issued any Case Management Order.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepayment of fees and costs is **GRANTED**. [ECF No. 9]

**IT IS FURTHER ORDERED** that plaintiff shall show cause **within twenty-one (21) days** of the date of this Memorandum and Order to Show Cause why her complaint should not be dismissed for lack of subject matter jurisdiction by filing a written response to this Order to Show Cause.

**IT IS FURTHER ORDERED** that plaintiff's failure to timely respond will result in the dismissal of this action without prejudice for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that plaintiff's motion to change venue is **DENIED**. [ECF No. 4]

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED without prejudice**. [ECF No. 3]

**IT IS FURTHER ORDERED** that plaintiff's motion for issuance of subpoenas is **DENIED without prejudice**. [ECF No. 7]

Dated this 28th day of December, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE